IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURIUS HENDERSON, #R41592,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 23-cv-02426-SMY |
| | ) |
| **ROBINSON C.C.,** | ) |
| **DOBBS,** | ) |
| **LT. MILLER,** | ) |
| **CONRAD,** | ) |
| **9 UNKNOWN OFFICERS,** | ) |
| **and 2 UNKNOWN MECHANICS,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

**YANDLE, District Judge:**

This matter is now before the Court for case management purposes. On July 13, 2023, Plaintiff Durius Henderson filed a Complaint under 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from his confinement in Robinson Correctional Center. (Doc. 1). He was not in the custody of the Illinois Department of Corrections at the time.

Also on July 13, 2023, the Court entered a Notice instructing Plaintiff to sign and return a Consent / Non-Consent to Proceed Before A Magistrate Judge Jurisdiction Form no later than August 3, 2023. (Doc. 5). When Plaintiff failed to file the form by the deadline, the Court granted a 7-day extension *sua sponte* (Doc. 7). Plaintiff also missed this extended deadline. The Court then entered a Show Cause Order on August 17, 2023, ordering Henderson to show cause why sanctions should not be imposed for his failure to file the Notice and Consent form as ordered. (Doc. 8). Plaintiff did not respond.

Two weeks after the Show Cause response deadline expired, the Court warned Plaintiff that this case would be dismissed for failure to comply with the Court's orders if he failed to file the Notice

1

and Consent form on or before September 29, 2023. (Doc. 9). Plaintiff disregarded the Notice of Impending Dismissal as well.

Under the circumstances, the Court deems it appropriate to dismiss this case without prejudice for Plaintiff's noncompliance with the Court's Orders to file his Consent / Non-Consent Form (Docs. 5, 7, 8, and 9), his failure to respond to the Order to Show Cause (Doc. 8), and his failure to respond to the Notice of Impending Dismissal (Doc. 9). By all indications, Plaintiff has abandoned his claims. *See* FED. R. CIV. P. 41(b).

Accordingly, this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 5, 7, 8, and 9 and his failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **TERMINATED**. Plaintiff incurred an obligation to pay the $402.00 filing fee for this action at the time he filed it, and this filing fee obligation survives dismissal of this action.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 18, 2023**               *s/ Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **United States District Judge**